KEB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Konstantin Golubev,
Petitioner,
v.
Unknown Party, et al.,
Respondents.

No. CV-26-3384-PHX-MTL (ASB)

**ORDER**

Self-represented Petitioner Konstantin Golubev, who is confined in the Eloy Detention Center, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention.[1] The Court will dismiss the Petition and this action.

**I. Prior Habeas Petition**

On March 16, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus challenging his immigration detention. *See Golubev v. Unknown Party, et al.,* CV-26-01769-PHX-MTL (ASB) (D. Ariz. Mar. 19, 2026). The Court denied the Petition and dismissed the action, finding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* (Doc. 3.) The Court also determined that Petitioner was not entitled to a bond hearing during the pendency of his removal proceedings. *Id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018)). Finally, although Petitioner did not

---

[1] Petitioner did not pay the filing fee or file an Application to Proceed In Forma Pauperis.

specify whether he had been issued a final order of removal, the Court found that regardless, Petitioner was not entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he had been detained for less than the 6-month presumptively reasonable detention period. (*Id.*)

## II. Current Petition[2]

Petitioner states he was taken into immigration custody on September 25, 2025. (Doc. 1 at 5). His removal order was issued on March 9, 2026. (*Id.*) Petitioner's appeal of the removal order to the Board of Immigration Appeals remains pending. (*Id.* at 6.) Petitioner claims he "had not applied for [a] bond hearing because he was informed by his lawyer and the detention facility staff that he" was not eligible for a bond hearing "due to his status as an arriving alien under INA 235 and[/]or INA 2369." (*Id.* at 6, 7.) Petitioner states he has been detained at Eloy Detention Center for more than six months. (*Id.* at 6.)

Petitioner claims his detention of more than six months without a bond hearing has "become prolonged and potentially indefinite." (*Id.* at 6-8.) He also claims he has been denied adequate medical care while in custody. (*Id.* at 8.) Petitioner seeks either release or a bond hearing.

## III. Discussion

### A. Medical Care Claim

Petitioner's medical care claim arises, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted). Accordingly, the Court will dismiss Petitioner's medical care claim.

---

[2] Petitioner acknowledges that his previous habeas petition with this Court was denied. (Doc. 1 at 7.) He states that his petition was denied "before the [C]ourt was clearly informed that [he] had no available bond hearing process due to his detention classification" and because he had not yet been detained for six months. (*Id.*) He claims, however, that "the circumstances have changed." (*Id.*)

**B. Previously Litigated Issues**

To the extent Petitioner challenges his detention during the pendency of removal proceedings, the Court again rejects that argument. As the Court explained in its March 19, 2026 Order, the Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings*, 583 U.S. at 297 ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States, as mentioned, "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). The Court already determined Petitioner is subject to mandatory detention. *See* Doc. 3 in CV-26-01769. Therefore, Petitioner is not entitled to a bond hearing under statutory or constitutional authority.

**C. Prolonged Detention**

To the extent Petitioner believes his detention is governed by 8 U.S.C. § 1231 and *Zadvydas*, he is mistaken because his appeal of the removal order is pending and, therefore, his removal order is not yet final. *See* 8 U.S.C. § 1231(a)(1)(A) ("The removal period begins on . . . the date the order of removal becomes administratively final."). Thus, Petitioner cannot show that his continued detention is unlawful.

Considering the foregoing, Petitioner is not entitled to a bond hearing or release from detention under statutory or constitutional authority. The Petition will therefore be denied without prejudice.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 18th day of May, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge